UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WOMEN & INFANTS HOSPITAL OF RHODE ISLAND, Plaintiff | ) | C.A. No. 04-0535/ML |
| v. | ) | |
| COMMUNITY HEALTH NETWORK OF CONNECTICUT, INC., Defendant | ) | |

**AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT COMMUNITY HEALTH NETWORK OF CONNECTICUT, INC.**

Defendant, Community Health Network of Connecticut, Inc. ("CHNCT"), by and through its undersigned counsel, for its Answer and Affirmative Defenses to the Complaint, dated December 21, 2004 (the "Complaint"), of plaintiff Women & Infants Hospital of Rhode Island ("Women & Infants"), alleges, on knowledge as to its own conduct and otherwise upon information and belief, as follows:

ANSWER

AS TO THE ALLEGED NATURE OF THE ACTION

1. Denies each and every allegation contained in paragraph 1, except admits that Ms. Doe and Baby Doe are CHNCT members.

AS TO THE ALLEGED PARTIES

2. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2.

3. Denies each and every allegation contained in paragraph 3, except admits that CHNCT is a corporation organized and existing under the laws of the State of Connecticut.

4. Admits the allegations contained in paragraph 4.

5. Denies each and every allegation contained in paragraph 5, except admits that CHNCT has a contract with the State of Connecticut and respectfully refers the Court to that contract for its terms.

AS TO THE ALLEGED JURISDICTION AND VENUE

6. Avers that paragraph 6 purports to state a legal conclusion as to which no response is required.

7. Denies each and every allegation contained in paragraph 7.

8. Avers that paragraph 8 purports to state a legal conclusion as to which no response is required.

AS TO THE ALLEGED FACTS

9. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9, except admits that Ms. Doe is a CHNCT member.

10. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10.

11. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11.

12. Denies each and every allegation contained in paragraph 12.

13. Denies each and every allegation contained in paragraph 13, except admits that an authorization number was assigned to Ms. Doe after she had already been transferred to Women & Infants, which transfer took place without CHNCT's knowledge or approval.

14. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14.

15. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15.

16. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16; specifically denies that CHNCT authorized Baby Doe's admission to Women & Infants prior to the time Ms. Doe was transferred to Women & Infants, which transfer took place without CHNCT's knowledge or approval; and admits that an authorization number was assigned to Baby Doe.

17. Denies each and every allegation contained in paragraph 17.

18. Denies each and every allegation contained in paragraph 18, except admits that CHNCT did not request that Ms. Doe be transferred to another facility after she had been admitted to Women & Infants, due to the health risk that would have been created by such a transfer.

19. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 19.

20. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 20.

21. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 21.

22. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 22.

23. Admits the allegations contained in paragraph 23.

24. Denies each and every allegation contained in paragraph 24, except admits that CHNCT made certain payments to Women & Infants in connection with the services it provided to Ms. Doe and Baby Doe.

25. Denies each and every allegation contained in paragraph 25, except admits that Women & Infants has requested additional payments from CHNCT, and CHNCT has informed Women & Infants, in substance, that the amounts requested are unreasonably high and exceed the amounts CHNCT is legally obligated to pay Women & Infants.

COUNT I

26. Repeats and makes a part hereof each and every response to the allegations contained in paragraphs 1 through 25.

27. Denies each and every allegation contained in paragraph 27.

28. Denies each and every allegation contained in paragraph 28.

29. Denies each and every allegation contained in paragraph 29.

COUNT II

30. Repeats and makes a part hereof each and every response to the allegations contained in paragraphs 1 through 29.

31. Denies each and every allegation contained in paragraph 31.

32. Denies each and every allegation contained in paragraph 32.

33. Denies each and every allegation contained in paragraph 33.

COUNT III

34. Repeats and makes a part hereof each and every response to the allegations contained in paragraphs 1 through 33.

35. Denies each and every allegation contained in paragraph 35, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning services provided to Jane Doe or Baby Doe.

36. Denies each and every allegation contained in paragraph 36.

37. Denies each and every allegation contained in paragraph 37, except admits that CHNCT made certain payments to Women & Infants for services provided to Ms. Doe and Baby Doe.

38. Denies each and every allegation contained in paragraph 38.

39. Denies each and every allegation contained in paragraph 39.

COUNT IV

40. Repeats and makes a part hereof each and every response to the allegations contained in paragraphs 1 through 39.

41. Denies each and every allegation contained in paragraph 41.

42. Denies each and every allegation contained in paragraph 42.

COUNT V

43. Repeats and makes a part hereof each and every response to the allegations contained in paragraphs 1 through 42.

44. Denies each and every allegation contained in paragraph 44.

45. Denies each and every allegation contained in paragraph 45.

46. Denies each and every allegation contained in paragraph 46.

47. Denies each and every allegation contained in paragraph 47.

48. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 48.

COUNT VI

49. Repeats and makes a part hereof each and every response to the allegations contained in paragraphs 1 through 48.

50. Denies each and every allegation contained in paragraph 50.

51. Denies each and every allegation contained in paragraph 51.

FIRST AFFIRMATIVE DEFENSE

Some or all of the counts of the Complaint fail to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

CHNCT has paid the full amount due to Women & Infants.

THIRD AFFIRMATIVE DEFENSE

Some or all of Women & Infants' claims are barred by the doctrine of waiver.

FOURTH AFFIRMATIVE DEFENSE

The Court lacks personal jurisdiction over CHNCT.

Brooks R. Magratten, Esq. #3585
VETTER & WHITE
Attorneys for Defendant
20 Washington Place
Providence, RI 02903
(401) 421-3060
Fax: (401) 272-6803

Andrew M. Zeitlin, Esq.
SHIPMAN & GOODWIN LLP
300 Atlantic Street
Stamford, CT 06901
(203) 324-8100
Fax: (203) 324-8199

Date: May 31, 2005

CERTIFICATE OF SERVICE

TO:

Linn F. Freedman, Esq.
Nixon Peabody, LLP
One Citizens Plaza
Providence, RI 02903

I hereby certify I caused to be served on the above-named counsel of record a copy of the within Amended Answer And Affirmative Defenses of Defendant Community Health Network of Connecticut, Inc. by first class mail, postage prepaid, on the 31st day of May, 2005.

Melanie Sorrenti