UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WOMEN & INFANTS HOSPITAL OF RHODE ISLAND, Plaintiff | ) | C.A. No. 04-0535/ML |
| v. | ) | |
| COMMUNITY HEALTH NETWORK OF CONNECTICUT, INC., Defendant | ) | |

**MOTION TO COMPEL PLAINTIFF TO**
**PRODUCE DOCUMENTS RESPONSIVE TO DOCUMENT REQUESTS**

Defendant Community Health Network of Connecticut, Inc. ("CHNCT") moves, pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, to compel plaintiff Women & Infants Hospital of Rhode Island ("Women & Infants") to produce documents responsive to CHNCT's First Request for Production of Documents, dated July 25, 2005 ("Document Requests") requests 11, 12, and 13, and to testify at deposition in response to a notice served pursuant to Fed. R. Civ. P. 30(b)(6).

In support of this motion, CHNCT submits an accompanying memorandum of law, and the Affidavit of Andrew M. Zeitlin, sworn to January 9, 2006. As discussed therein, Women & Infants objected to Document Request numbers 11, 12, and 13, and has not provided any documents responsive to those requests. Those requests seek documents concerning the cost and value of the medical services provided to members of CHNCT, which is a central issue in this action. Women & Infants has also objected to producing a witness to testify at deposition regarding certain topics enumerated in a Rule 30(b)(6) deposition notice.

Counsel for CHNCT has attempted to resolve this discovery dispute in good faith with counsel for Women & Infants. CHNCT offered to limit the timeframe covered by the Document Requests, and agreed to have Women & Infants produce the documents to CHNCT on

a confidential basis. Women & Infants has continued to object to the production of documents responsive to these Document Requests, despite their clear relevance to the issues in this action.

Because Women & Infants has refused to produce relevant documents responsive to CHNCT's Document Requests, CHNCT respectfully requests that this Court compel the plaintiff to produce all documents responsive to these Document Requests, and to provide deposition testimony responsive to defendant's deposition notice, together with such other and further relief as the Court deems proper.

Brooks R. Magratten, Esq. #3585
Catherine A. Shaghalian, Esq. #6883
VETTER & WHITE
Attorneys for Defendant
20 Washington Place
Providence, RI 02903
(401) 421-3060
Fax: (401) 272-6803

Andrew M. Zeitlin, Esq.
SHIPMAN & GOODWIN LLP
300 Atlantic Street
Stamford, CT 06901
(203) 324-8100
Fax: (203) 324-8199

Date: January 10, 2006

**CERTIFICATE OF SERVICE**

To: Jeffrey S. Brenner, Esq.
Nixon Peabody, LLP
One Citizens Plaza, 5th Floor
Providence, RI 02903

I hereby certify I caused to be served on the above-named counsel of record a copy of the within Motion to Compel Plaintiff to Produce Documents Responsive to Document Requests by first class mail, postage prepaid, on the 10th day of January 2006.

Cynthia Dragon

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WOMEN & INFANTS HOSPITAL OF RHODE ISLAND, Plaintiff | ) | C.A. No. 04-0535/ML |
| v. | ) | |
| COMMUNITY HEALTH NETWORK OF CONNECTICUT, INC., Defendant | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL PLAINTIFF TO PRODUCE DOCUMENTS RESPONSIVE TO DOCUMENT REQUESTS**

**Preliminary Statement**

Defendant Community Health Network of Connecticut, Inc. ("CHNCT") moves, pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, to compel plaintiff, Women & Infants Hospital of Rhode Island ("Women & Infants"), to produce documents responsive to request numbers 11, 12 and 13 of CHNCT's First Request for Production of Documents, dated July 25, 2005 ("Document Requests"), and to provide testimony in response to a deposition notice served by CHNCT.

As set forth below, plaintiff is refusing to produce information directly relevant to its claims -- asserted in Counts III and IV of the Complaint -- for quantum meruit and unjust enrichment. The evidence that plaintiff refuses to produce concerns the value of the services that it provided, and for which it seeks recovery in this action. Specifically, plaintiff has informed defendant that it will not produce evidence of the amounts it has charged other entities for the services it provided that are the subject of this action, or the amounts it has received from those entities. Such information is strong evidence of the value of the services for which plaintiff seeks recovery in this action.

Plaintiff should not be permitted to have it both ways. Defendant respectfully requests that the Court order plaintiff to produce the requested information, and to produce a witness to testify in response to defendant's deposition notice.

## ARGUMENT

### THE INFORMATION SOUGHT BY DEFENDANT IS DISCOVERABLE

Two of the central issues in dispute in this matter are the reasonable cost and value of the services provided by Women & Infants to Ms. Doe and Baby Doe. Indeed, in Counts III and IV of Women & Infants' Complaint, which assert claims for quantum meruit and unjust enrichment, the plaintiff is seeking to recover based on the fair and reasonable value of the services it provided to Ms. Doe and Baby Doe. Document Request numbers 11, 12, and 13 seek documents from Women & Infants that are directly relevant to those issues. Specifically, Document Request 11 seeks documents referring or relating to reports, studies, or analyses regarding the costs of the services provided by Women & Infants to Ms. Doe and Baby Doe. Document Request 12 seeks documents concerning amounts charged by Women & Infants to other entities for the same or similar services provided to Ms. Doe and Baby Doe. Document Request 13 seeks documents concerning the amounts paid by other entities to Women & Infants for the same or similar services provided to Ms. Doe and Baby Doe.

Federal Rules of Civil Procedure Rule 26(b)(1) permits parties to "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." The scope of discovery pursuant to the Federal Rules of Civil Procedure is "extremely broad." Bennett v. La Pere, 112 F.R.D. 136, 138 (D.R.I. 1986) (Selya, J.) (granting motion to compel disclosure of a settlement agreement). Documents concerning transactions that are similar to the transaction in dispute are

relevant and discoverable. See Medical Waste Technologies L.L.C. v. Alexian Brothers Medical Center, Inc., 1998 U.S. Dist. Lexis 10104, *13-14 (N.D.Ill. Jun. 24, 1998) (Bobrick, U.S.M.J.) (holding that documents pertaining to similar transactions with different entities were relevant to defendants' defense and were thus discoverable unless they were privileged under governing law).

Document Requests numbers 11, 12, and 13 seek documents that are directly relevant to crucial issues in this case: the reasonable cost and value of the services provided by Women & Infants to Ms. Doe and Baby Doe. The information that defendant seeks to discover is directly related to Women & Infants' quantum meruit and unjust enrichment claims, and is also relevant to CHNCT's affirmative defense that it has already paid Women & Infants the full amount due for these services. Considering the broad scope of discovery permitted pursuant to Rule 26(b)(1), Women & Infants should be compelled to produce documents responsive to those requests.

Likewise, defendant should be compelled to produce for deposition a witness to testify regarding those same issues, as well as (i) the reimbursement rates Women & Infants receives from the States of Connecticut and Rhode Island, for the services it provided to Ms. Doe and Baby Doe; and (ii) Women & Infants' participation in the Connecticut Medical Assistance Program. Information concerning the reimbursement rates Women & Infants receives from the States of Connecticut and Rhode Island is relevant to the value of the services provided to Ms. Doe and Baby Doe, for the reasons discussed above. Finally, Women & Infants' participation in the Connecticut Medical Assistance Program is also relevant to the issues in this action. Section 17b-262-526 of the Regulations of Connecticut State Agencies requires Women & Infants -- if it is a participant in the Connecticut Medical Assistance Program -- to "accept as payment in full either [the payment from the Connecticut Department of Social Services, or DSS] or a

combination of [payments] which is no more than the [DSS's] schedule of payments . . ." Accordingly, information concerning Women & Infants' participation in the Connecticut Medical Assistance Program is relevant to the amount of recovery available to plaintiff in this action.

## CONCLUSION

For all the foregoing reasons, CHNCT respectfully requests that this Court order Women & Infants to produce documents responsive to Document Requests numbers 11, 12, and 13, and to produce for deposition a witness to testify regarding the items set forth in CHNCT's Rule 30(b)(6) deposition notice, together with such other and further relief as the Court deems proper.

Catherine A. Shaghalian
Brooks R. Magratten, Esq. #3585
Catherine A. Shaghalian, Esq. #6883
VETTER & WHITE
Attorneys for Defendant
20 Washington Place
Providence, RI 02903
(401) 421-3060
Fax: (401) 272-6803

Andrew M. Zeitlin, Esq.
SHIPMAN & GOODWIN LLP
300 Atlantic Street
Stamford, CT 06901
(203) 324-8100
Fax: (203) 324-8199

Dated: January 10, 2006

**CERTIFICATE OF SERVICE**

To: Jeffrey S. Brenner, Esq.
Nixon Peabody, LLP
One Citizens Plaza, 5th Floor
Providence, RI 02903

I hereby certify I caused to be served on the above-named counsel of record a copy of the within Memorandum of Law in Support of Defendant's Motion to Compel Plaintiff to Produce Documents Responsive to Document Requests by first class mail, postage prepaid, on the 10th day of January 2006.

[signature]