UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WOMEN & INFANTS HOSPITAL OF RHODE ISLAND, Plaintiff | ) | C.A. No. 04-0535/ML |
| v. | ) | |
| COMMUNITY HEALTH NETWORK OF CONNECTICUT, INC., Defendant | ) | |

**DEFENDANT'S FIRST REQUEST FOR**
**PRODUCTION OF DOCUMENTS TO PLAINTIFF**

Pursuant to Federal Rules of Civil Procedure 26 and 34, defendant Community Health Network of Connecticut, Inc. hereby requests that plaintiff Women & Infants Hospital of Rhode Island produce copies of the documents requested below.

To the extent required by Federal Rules of Civil Procedure 26(e), information which you learn or discover subsequent to your responses should be provided in a supplemental or corrected compliance.

**INSTRUCTIONS**

1. In responding to these Requests, you are to specify which documents are produced in response to each of the numbered paragraphs.

2. If any document herein requested was formerly in your possession, custody or control and has been lost or destroyed, you are to submit, in lieu of each such document, a written statement which:

(a) Describes in detail the nature of the document and its contents;

(b) Identifies the person who prepared or authored the document and, if applicable, all person(s) to whom the document or copies of the document were sent;

(c) Specifies the date on which the document was prepared or transmitted or both; and

(d) Specifies, if possible, the date on which the document was lost or destroyed, and, if destroyed, the conditions of, or reasons for, such destruction and the persons requesting or performing the destruction.

3. If any documents otherwise required to be produced by this Request are withheld, you shall identify the document by stating its date, author, recipients, and the reason for withholding.

4. Objections.

(a) Where an objection is made to any Request for Production or subpart thereof, the objection shall state with specificity all grounds.

(b) Where a claim of privilege is asserted in objecting to any Request for Production or subpart thereof, the attorney asserting the privilege shall, in the objection to the Request or subpart thereof, identify the nature of the privilege (including work product) which is being claimed, and list the following information:

(i) the type of document;

(ii) the general subject matter of the document;

(iii) the date of the document; and

(iv) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document,

the addressee of the document, and, where not apparent, the relationship of the author and addressee to each other.

5. These Requests shall include all designated documents within your possession, custody or control, whether held by you, your attorneys, or any other person or entity to the extent that the release of documents pertaining to you is within your control.

6. The following rules of construction apply to all Requests for Production:

(a) The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of each Request all responses that might otherwise be construed to be outside of its scope.

(b) The use of the past tense of any verb includes the present tense and vice versa so as to include within the Request all responses that might otherwise be construed to be outside of its scope.

(c) The use of the singular form of any word includes the plural and vice versa.

(d) The terms "all" and "each" shall both be construed as all and each.

(e) The term "any" shall mean any and all.

7. Each lettered subpart of a numbered Request is to be considered a separate Request for the purposes of objection. To the extent that you object to any Request, answer so much of each such Request and each subpart thereof that is not claimed to be objectionable, and separately state the objection and ground for each such objection to each subpart.

**DEFINITIONS**

1. "Document" shall include, but not be limited to, any writings, drawings, graphs, charts, photographs, billing records, medical records, telephone records, facsimile

records, videotapes and other data compilations, whether inscribed by hand or by mechanical or other means, from which information can be obtained and/or translated if necessary. Documents shall also include, but not be limited to, e-mails and other electronic communications or records, even to the extent such electronic communications or records have not been printed in "hard copy" form. A draft or a non-identical copy is a separate document within the meaning of this term.

2. "Communication" or "communicate" includes information relating to all oral communications and documents, whether or not any such document, or the information contained therein, was transmitted by its author to any other person.

3. "Payments" shall mean any cash, cash equivalents, goods, services or any other consideration or thing of value.

4. "You" and "your" shall mean the party to which these Requests for Production are directed, together with its directors, officers and employees, as well as any attorneys, experts, investigators or persons acting or purporting to act on its behalf.

5. "Person" shall mean and include any natural person, partnership, firm or corporation or any other kind of business or legal entity, its agents or employees.

6. "Women & Infants Hospital" shall mean the plaintiff, Women & Infants Hospital of Rhode Island, its owners, officers, directors, employees, agents, representatives or other persons or entities that, at any time, acted on its behalf or for its benefit.

7. "CHNCT" shall mean the defendant, Community Health Network of Connecticut, Inc., its owners, officers, directors, employees, agents, representatives or other persons or entities that, at any time, acted on its behalf or for its benefit.

8. "Complaint" shall mean the Complaint, dated December 21, 2004, filed by

Women & Infants Hospital in this matter.

**DOCUMENTS TO BE PRODUCED**

1. Each and every document constituting, referring, or relating to any agreement between Women & Infants Hospital and CHNCT for the provision of services by Women & Infants Hospital to Ms. Doe and/or Baby Doe, including, without limitation, all documents that Women & Infants Hospital contends constitute the contract (the "Contract") described in paragraph 27 of the Complaint.

2. Each and every document referring or relating to Women & Infants Hospital's performance of the alleged Contract, including, without limitation:

(a) documents referring or relating to costs incurred by Women & Infants Hospital in providing any and all services to Ms. Doe and Baby Doe;

(b) documents constituting, referring or relating to Women & Infants Hospital's demands for payment for any services provided to Ms. Doe and Baby Doe;

(c) documents referring or relating to the services provided by Women and Infants Hospital;

(d) documents constituting, referring or relating to payments made to Women & Infants Hospital for any services provided to Ms. Doe and Baby Doe; and

(e) documents constituting, referring or relating to the alleged refusal to pay Women & Infants Hospital for services provided to Ms. Doe and Baby Doe.

3. Each and every document constituting, referring or relating to CHNCT's alleged approval and/or authorization of Ms. Doe's and Baby Doe's admission and/or treatment at Women & Infants Hospital, as alleged in paragraphs 13, 16 and 17 of the Complaint.

4. Each and every document referring or relating to the alleged fair and reasonable value of the medical services provided to Ms. Doe and Baby Doe by Women & Infants Hospital, and/or the computation thereof, as alleged in paragraph 36 of the Complaint.

5. Each and every book, record, and/or other document which constitutes, relates or refers in any way to the amount alleged to be due and owing by CHNCT, as alleged in paragraph 48 of the Complaint.

6. Each and every document referring or relating to the damages sought by Women & Infants Hospital against CHNCT.

7. Each and every document sent by or on behalf of Women & Infants Hospital to any person or entity referring or relating to the allegations of the Complaint, directly or indirectly.

8. Each and every document constituting, referring, or relating to any request for payment by Women & Infants Hospital to any person or entity for services provided to Ms. Doe or Baby Doe.

9. Each and every document and/or any file maintained by or on behalf of Women & Infants Hospital, including but not limited to cost analyses, telephone logs, meeting minutes, or any summaries thereof, relating or referring to any services provided to Ms. Doe and/or Baby Doe.

10. Each and every document referring or relating to Ms. Doe's admission to Women & Infants Hospital.

11. Each and every document constituting, referring or relating to reports, studies, or analyses of the costs of any of the services that Women & Infants provided to Ms. Doe and/or Baby Doe.

12. Each and every document constituting, referring or relating to invoices rendered by Women and Infants Hospital to any HMO, PPO, government agency, or medical insurance carrier, whether or not located in the State of Rhode Island, for services that are the same or similar to the services provided to Ms. Doe and Baby Doe.

13. Each and every document constituting, referring or relating to payments received by Women and Infants Hospital from or on behalf of any HMO, PPO, government agency, or medical insurance carrier, whether or not located in the State of Rhode Island, for services that are the same or similar to the services provided to Ms. Doe and Baby Doe.

14. Each and every document constituting, referring or relating to communications, correspondence, notes, memoranda, e-mail or other documents relating to any of the facts or claims alleged by Women & Infants Hospital in this action.

15. Each and every document constituting, referring or relating to any statement by any party to this lawsuit referring or relating to this action or its subject matter.

16. Each and every document you intend to use as an exhibit at trial.

17. Each and every report or comparable document generated by each expert you expect to call as a witness at trial.

Brooks R. Magratten (CAS)

Brooks R. Magratten, Esq. #3585
VETTER & WHITE
Attorneys for Defendant
20 Washington Place
Providence, RI 02903
(401) 421-3060
Fax: (401) 272-6803

Andrew M. Zeitlin, Esq.
SHIPMAN & GOODWIN LLP
300 Atlantic Street
Stamford, CT 06901
(203) 324-8100
Fax: (203) 324-8199

Date: July 25, 2005

122049 v.01

**CERTIFICATE OF SERVICE**

This is to certify that on this 25th day of July 2005, a copy of the foregoing Defendant's First Request for Production of Documents was mailed, via U.S. mail, postage prepaid, to:

Jeffrey S. Brenner, Esq.
Nixon Peabody, LLP
One Citizens Plaza, 5th Floor
Providence, RI 02903

Brooks R. Magratten (CAS)
Brooks R. Magratten

122049 v.02